UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rickey Dean Tate,<br><br>              Plaintiff,<br><br>vs.<br><br>Asst. Warden Florence Mauney; OFC A. Sanders; OFC J. Livingston,<br><br>              Defendants. | ) C/A No. 9:14-1894-TLW-BM<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>) |

The Plaintiff, Rickey Dean Tate, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Perry Correctional Institution ("PCI"), part of the South Carolina Department of Corrections ("SCDC").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).



However, even when considered pursuant to this standard, for the reasons set forth herein below, this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

### Discussion

Plaintiff alleges that the Defendants subjected him to excessive force in violation of his Eighth Amendment rights. Complaint, ECF No. 1 at 2. Specifically, he claims that Defendant Sanders (a correctional officer at PCI) took the lock off the flap to his cell door so that prison guards were able to spray mace on Plaintiff if he masturbates. On January 12, 2014, Defendant Livingston (also a correctional officer at PCI) allegedly took Plaintiff's personal property for 72 hours and left him naked in his cell without a blanket. This action was supposedly taken because Plaintiff opened a window, which Plaintiff argues he could not have done as he was behind two locked doors. Plaintiff also claims that Livingston sprayed him with mace for allegedly masturbating on February 10, 2014. Plaintiff alleges that Livingston's actions violated SCDC policy because Livingston did not give him a direct order before she sprayed the mace, his cell flap should not have been unlocked, and Livingston did not charge him with a disciplinary action or tell him why she sprayed the mace. Additionally, Plaintiff alleges that Livingston continues to taunt him and attempt to provoke him.

Plaintiff claims that he complained to PCI Assistant Warden Florence Mauney about officers taking the lock off his cell flap prior to the mace incident, but Mauney failed to act. He alleges he



wrote to Mauney after the use of force incident, but Mauney ignored the request and instead had Sergeant Cotter answer the request.

Plaintiff also makes numerous allegations against correctional officers who are not named as defendants in this action. He claims that officers Captain Golden and Lieutenant Ike placed him in handcuffs and shackles, made him remove his clothing, left him in a cell "full of gas," and denied him medical treatment. Plaintiff asserts that Nurses Thomas and Green denied him medical treatment because they only told him to take Ibuprofen for his complaints of chest pain. Plaintiff claims he was not given a shower to wash the chemicals from his body, but instead was told by Lieutenant Paey to use sink water (available in his cell) without soap. After failing to notice that any of his property was missing at the time it was returned, Plaintiff later determined that some family pictures and legal documents were missing. Plaintiff alleges that Lt. Paey told him that some property was confiscated because it was contraband.

## Failure to Exhaust Administrative Remedies

The Complaint is subject to summary dismissal because Plaintiff has clearly failed to exhaust his administrative remedies before filing this lawsuit. Before a prisoner can proceed with a lawsuit in federal court concerning conditions of confinement, he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*,



534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 740–41 (2001).

To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" *Woodford v. Ngo*, 548 U.S. 81 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Further, while a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; *id.* at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

This Court can take judicial notice pursuant to numerous other prisoner cases filed in this Court that under SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff, and if the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Here, a plain reading of the Complaint shows that Plaintiff did not properly exhaust these available administrative remedies. Although Plaintiff states he filed a grievance, he admits he did not receive a final institutional answer or determination concerning this matter before filing this lawsuit. Complaint, ECF No. 1 at 2. Rather, Plaintiff filed his grievance with the SCDC on April 23, 2014, and then filed the present action less than three weeks later.



Finally, while Plaintiff claims he is in imminent danger of serious physical injury, *see* ECF No. 1 at 8, a "plaintiff's failure to exhaust is not excused by his allegation that he is under threat of imminent danger*.*" *See Duckett v. Fuller*, C/A No. 6:13-1079-JMC, 2013 WL 6181417, at *3 (D.S.C. Nov. 22, 2013) (citing *Yisrael v. Whitener*, C/A No. 3:13-469-FDW, 2013 WL 4784111, at *2 (W.D.N.C. Sept. 6, 2013)); *see also Reynolds v. Stouffer*, C/A No. DKC-13-824, 2014 WL 576299, at *4 (D. Md. Feb. 11, 2014) (PLRA does not contain an "imminent danger" exception to exhaustion) (collecting cases).  Therefore, this case is subject to summary dismissal for lack of exhaustion.

<div style="text-align:center">Failure to Request Relief</div>

Additionally, this action is subject to summary dismissal because Plaintiff fails to specify what relief he is seeking.  Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion; such action is barred by Article III of the Constitution.  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *see also Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions).  In addressing the plaintiff's failure to request specific relief in an analogous situation, the Tenth Circuit Court of Appeals stated: "This court would violate Article III's prohibition against advisory opinions were it to do that which [Plaintiff] requests, i.e., issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief." *Public Ser. Co. v. EPA*, 225 F.3d 1144, 1148 n. 4 (10th Cir. 2000); *see also Humphreys v. Renner*, No. 94–2071, 1996 WL 88804 (N.D.Cal., February 26, 1996) (When a plaintiff fails to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions,") following *FCC v. Pacifica Foundation*, 438 U.S. 726, 735(1978)



<div style="text-align:center">5</div>

("[F]ederal courts have never been empowered to issue advisory opinions."); *cf. James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C.Cir. 1996) (holding that, if the court were prohibited from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution"). Here, in the "RELIEF" section of his Complaint, Plaintiff merely continues to discuss his allegations and does not specify the relief he is seeking. ECF No. 1 at 8.

It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d at 1151. Hence, in the absence of a request for relief from the Plaintiff, the Complaint filed in this case is frivolous and subject to summary dismissal on this additional ground. While, assuming Plaintiff had otherwise set forth a valid claim, this Court could have allowed Plaintiff an opportunity to perhaps amend his Complaint to include a specific claim for relief, since Plaintiff has failed to set forth a valid claim for relief due to his failure to exhaust, it is not necessary to allow this relief.

<u>Violation of SCDC Policies</u>

It is also worth noting that some of Plaintiff's allegations are that the Defendants' violated SCDC policies. In particular, he asserts that Livingston did not give him a direct order before spraying mace, used mace even though Plaintiff was not a physical threat to himself or a guard, and failed to inventory his property in the manner outlined in the SCDC policies. However, even if one or more of the Defendants' actions did violate prison policies, any violation of such policies does not constitute a violation of Plaintiff's constitutional rights, and is therefore not assertable in a § 1983 action. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992); *cf. Johnson v. S.C. Dep't of Corrs.*, No. 06–2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that defendants

6



did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation.")(citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue)).

## Motion for Preliminary Injunction

Plaintiff has also filed a motion for a preliminary injunction. In his motion, he states that he was a witness in a wrongful death suit which started everything that he alleges in his complaint. He claims he has an emergency situation and does not have time to exhaust his prison administrative remedies. In this motion, Plaintiff reiterates the allegations in his Complaint, and also alleges that Nurse Gilliard, who is not named as a defendant in this action, held a can of mace while passing out medications, which is a violation of SCDC policy.

Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). Usually, preliminary injunctions "aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending." *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013). On the other hand, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citing *Interstate Commerce Comm'n v. Baltimore & Annapolis R. Co.*, 64 F.R.D. 337 (D. Md. 1974)). Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Sun



*Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.)*, 333 F.3d 517, 526 (4th Cir.2003), abrogated on other grounds by *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

A district court must apply a rigorous four-part test in determining whether to grant a preliminary injunction. To qualify for such relief, the moving party must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The *Winter* standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits. *Id.* at 22. This standard compels the moving party to show that he is likely to prevail: Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation. Compare *Real Truth About Obama v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 558 U.S. 1089 (2010), with *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977).[1] Second, the moving party must make a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. To meet this test, the party must show more than a mere possibility of harm. *Winter*, 555 U.S. at 22. Third, the moving party must show that the

---

[1] In *Real Truth*, the Fourth Circuit modified its prior approach, which required district courts to balance the likelihood of irreparable harm to each party as a "first step" in its analysis, and then to consider the likelihood of success only as a secondary matter, dependent upon the outcome of the initial balance-of-hardships test. *See Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). The Supreme Court vacated *Real Truth* and remanded the case for further consideration in light of *Citizens United v. Federal Election Comm'n*, 558 U.S. ___, 130 S. Ct. 876 (2010), which related to corporate electioneering communications under the First Amendment. *See Real Truth About Obama, Inc. v. FEC*, 558 U.S. 310 (2010). The Fourth Circuit remanded the First Amendment-related aspects of the case to the district court but reissued, *inter alia*, the portion of the 2009 opinion setting forth the *Winter-Real Truth* preliminary injunction standard. *See Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010).



balance of equities tips in his favor. *Id*. at 20.  Fourth, the district court must consider whether grant or denial of the injunction is in the public interest.  The court must give "particular regard" to the public consequences of granting a preliminary injunction. *Id.* at 9, 24; *Real Truth*, 575 F.3d at 347.  The Fourth Circuit no longer recognizes a "flexible interplay" among these criteria.  Instead, each requirement must be fulfilled as articulated. *Real Truth*, 575 F.3d at 347 (quoting *Blackwelder*, 550 F.2d at 196).

Analysis of the *Winter* factors reveals that Plaintiff's motion for preliminary injunction fails.  First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint, with respect to claims that Defendants have violated SCDC policies.  He also has not specified the relief he seeks in motion for a preliminary injunction.  Second, Plaintiff has not made a clear showing that he is likely to be irreparably harmed if preliminary relief is denied.  Plaintiff's motion for a preliminary injunction is based upon speculative future harm.  Such unsubstantiated fears are simply too speculative to amount to irreparable harm. *See Microsoft Corp. Antitrust Litig.*, 333 F.3d at 530 (explaining that irreparable harm cannot be "remote nor speculative, but actual and imminent"); *see also Basey v. Mooneyham,* 172 F.App'x 582, 584 (5th Cir. 2006) (denying request for preliminary injunction where prisoner sought transfer because of "imminent danger" from corrections officers involved in earlier assault); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (holding that a court will not grant a preliminary injunction unless the petitioner first makes a "clear showing" that he will suffer irreparable injury without it, and that the harm "must be neither remote nor speculative, but actual and imminent").  Third, Plaintiff has not shown that the balance of equities tips in his favor.  Finally, the public interest is best served if courts do not get involved with the daily operations of a prison, especially

9



9:14-cv-01894-TLW     Date Filed 06/09/14    Entry Number 15    Page 10 of 11

prior to the finding of a constitutional violation. *See Florence v. Board of Chosen Freeholders of County of Burlington*, __ U.S. __, 132 S.Ct. 1510, 1517 (2012).  Thus, Plaintiff's motion for a preliminary injunction should be denied.

### **Recommendation**

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.  It is also recommended that Plaintiff's motion for a preliminary injunction (ECF No. 2) be denied.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 9, 2014
Charleston, South Carolina



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

