IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| RICKEY DEAN TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 9:14-cv-01894-TLW |
| ) | |
| ASST WARDEN FLORENCE MAUNEY; ) | |
| OFC A. SANDERS; and OFC J. ) | |
| LIVINGSTON, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

Plaintiff Rickey Dean Tate, proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by subjecting him to excessive force. Doc. #1. Plaintiff also filed a motion for a preliminary injunction, claiming that he "ha[s] an emergency situation" and does "not have time to use the prison grievance system." Doc. #2.

This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court dismiss the Complaint without prejudice and without issuance and service of process and deny Plaintiff's motion for a preliminary injunction. Doc. #15.

Objections to the Report were due by June 26, 2014. On June 25, 2014, Plaintiff filed a "Response to Report and Recommendation / Motion to Amend." Doc. #17. Plaintiff raises no objections to the Magistrate Judge's recommendations in his Response; he merely asks the Court

for "permission to fix [his] complaint and put [his] relief [he is] seeking and add the other defendants." Id. The Court construes the Response as a motion to amend and finds that Plaintiff has failed to file objections to the Report.

The Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained therein. 28 U.S.C. § 636. However, in the absence of objections to the Report, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Report in light of this standard. The Court hereby **ADOPTS** the portions of the Report that recommend summary dismissal based on Plaintiff's failure to exhaust his administrative remedies and denial of Plaintiff's motion for a preliminary injunction.[1] Doc. #15. The Court declines to adopt the portion of the Report that recommends summary dismissal based on Plaintiff's failure to request relief, as Plaintiff asks for $20,000 in punitive damages in his Complaint. See Doc. #1-3 at 7.

Accordingly, it is hereby **ORDERED** that this case is **DISMISSED** without prejudice and without issuance and service of process based on Plaintiff's failure to exhaust his

---

[1] The Court notes the Supreme Court's holding in Porter v. Nussle that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. 516, 532 (2002). Because Plaintiff admits in his Complaint that he has not exhausted his administrative remedies with respect to his excessive force claim, Doc. #1 at 2, the Court adopts the Magistrate Judge's conclusion that Plaintiff's case is subject to dismissal.

administrative remedies.  Plaintiff's motion for a preliminary injunction is **DENIED**.  Doc. #2. Plaintiff's motion to amend is **DENIED**.  Doc. #17; see Franks v. Ross, 313 F.3d 184, 193 (4th Cir. 2002) (noting that a motion to amend a complaint should be denied when amendment would be futile).

    **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

November 12, 2014
Columbia, South Carolina